SUM 155

1539

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 05  0379 |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| RESTORATION HARDWARE, INC., | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful

employment practices on the basis of age and to provide appropriate relief to Charging Party Leslie

Johnston.    As alleged with greater particularity in paragraph 7 below, in September, 2003,

Defendant denied Ms. Johnston (then age 52) a promotion to Assistant Manager at its Pittsburgh

store, while hiring a significantly younger person, with no experience in the Restoration Hardware

system as Assistant Manager. As a result of the discrimination, Ms. Johnston suffered backpay

losses.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345.    This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which

incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the

"FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were  committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Restoration Hardware, Inc. (the "Employer"), a California corporation, has continuously been  doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant  has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      On or about September, 22, 2003, the Defendant Employer engaged in unlawful employment practices at its Pittsburgh, Pennsylvania location, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623 (a)(1) as follows:

(a)      On November 9, 1998, Ms. Johnston was hired by Defendant at its Pittsburgh, Pennsylvania location as a part-time sales associate. On May 16, 1999, Ms. Johnston was promoted to full-time sales associate. In September, 2003, Ms. Johnston was employed as a Lead Sales Associate in Defendant's Pittsburgh location, a position she had held for over 18 months. Ms. Johnston had been employed by Defendant as a Sales Associate for approximately 3 ½ years prior to her promotion to Lead Sales Associate. At all relevant times, Ms. Johnston had satisfactory work performance.

(b)      In the Fall of 2001, Defendant's Store Manager and Assistant Store Manager asked Ms. Johnston if she wanted to train for an Assistant Manager position. She agreed, and thereafter was assigned some management duties, including scheduling, payroll, and sales ledger completion. In 2001, Ms. Johnston was given an award recognizing her "exceptional sales leadership."

(c)      In the Spring of 2002, Ms. Johnston was one of two employees at the Pittsburgh store to participate in a two-day on-site management training course for recognized store leaders to develop supervision skills. On occasions, when both the Store Manager and Assistant Manager were away for extended periods of time, Ms. Johnston was left as the senior management person in charge. Moreover, she was advised by the District Manager, Mary McCartney, (age 34) that she

considered Ms. Johnston to be "part of the management team" and the Assistant Manager, Mike Lynch (age 32), advised her that if he was promoted to Store Manager, he would promote her to Assistant Manager.

(d)    In 2003, Ms. Johnston was 52 years old.

(e)    On or about September 22, 2003, Defendant's Store Manager, Clark Kemp, hired Heidi Burson, as Assistant Manager. Ms. Burson was less than 30 years old at the time. She had no experience working in Defendant's stores, nor did she have knowledge of, experience with, or training in Defendant's management policies or practices.

(f)    Prior to September 22, 2003, Ms. Johnston was never advised that Defendant would be hiring a second Assistant Manager for the Pittsburgh store. Therefore, she did not formally apply for the position.

(g)    Ms. Burson remained employed by Defendant for a mere 6 months before she quit.

(h)    In March, 2004, the Store Manager was transferred out of the Pittsburgh store and the Assistant Manager, Mr. Lynch, was promoted to Store Manager.

(i)    In May, 2004, Defendant promoted James Haines, a significantly younger and less experienced employee (30's), to the position of Assistant Manager, despite Ms. Johnston's superior qualifications.

8.    The effect of the practices complained of in paragraphs 7 (a) through (i) above has been to deprive Ms. Johnston of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

9.    The unlawful employment practices complained of in paragraphs 7 (a) through (i)

above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in age biased employment decisions, including hiring, firing, and promotion, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Ms. Johnston whose wages were unlawfully depressed as a result of the acts complained of above, including but not limited to back wages, lost vacation or sick leave, lost contributions to Social Security and/or any other retirement plan or program applicable to Ms. Johnston.

D.    Order Defendant Employer to make whole all individuals adversely affected by unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement, promotion, and reimbursement of all lost pay of Ms. Johnston.

E.    Grant such further relief as the Court deems necessary and proper in the public

interest.

        F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

05 0379

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS

RESTORATION HARDWARE, INC.

(Allegheny)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address and Telephone Number)

M. Jean Clickner, Esq. 412-644-6439, EEOC, Pittsburgh Area Office, Liberty Center, Suite 300, 1001 Liberty Avenue, Pittsburgh, PA 15222

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) / [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [x] 442 Employment / Habeas Corpus: | [ ] 740 Railway Labor Act | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | / [ ] 550 Civil Rights | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | / [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action under Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Leslie Johnston.

### VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE  March 21, 2005

SIGNATURE OF ATTORNEY OF RECORD  M. Jean Clickner

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44A                                                    REVISED OCTOBER, 1993

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the (_____ Erie_ _____ Johnstown (XX) Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venango or Warren, OR any plaintiff or defendant resides in one of said counties.
2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset, OR any plaintiff or defendant resides in one of said counties.
3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.
4. Complete if on **JOHNSTOWN CALENDAR**: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)
1. ⌐ This case is related to Number _____, Judge _____.
2. |X| This case is not related to a pending or terminated case.

### DEFINITIONS OF RELATED CASES:
**CIVIL:** Civil cases are deemed related when a case filed relates to property included in another suit, or involves the same issues of fact or it grows out of the same transactions as another suit, or involves the validity or infringement of a patent involved in another suit.
**EMINENT DOMAIN:** Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
**HABEAS CORPUS & CIVIL RIGHTS:** All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. CIVIL CATEGORY (Place x in only applicable category).
   1. ( ) Antitrust and Securities Act Cases
   2. ( ) Labor-Management Relations
   3. ( ) Habeas Corpus
   4. (x) Civil Rights
   5. ( ) Patent, Copyright, and Trademark
   6. ( ) Eminent Domain
   7. ( ) All other federal question cases
   8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest.
   9. ( ) Insurance indemnity, contract, and other diversity cases.
   10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct.

Date: _3-21-05_                              _____
                                             ATTORNEY AT LAW

**NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.**