IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 05-0379 ) ) CERCONE, J. |
| RESTORATION HARDWARE, INC., | ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

### INTRODUCTION

A.  This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on March 21, 2005, against Restoration Hardware, Inc. to enforce provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The EEOC alleged that Defendant, Restoration Hardware, Inc. discriminated against Leslie Johnston when it failed to promote her to a position of Assistant Store Manager, while offering that position to a significantly younger and less qualified individual.

B.  This Consent Decree is entered into by the EEOC and Defendant Restoration Hardware, Inc. This Consent Decree shall be final and binding between the EEOC and Defendant Restoration Hardware, its directors, officers, agents, employees, successors or assigns and all persons

in active concert or participation with it (hereinafter collectively referred to as "Defendant" or "Restoration Hardware").

C.   The EEOC and Defendant Restoration Hardware do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 05-0379. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant Restoration Hardware of any violation of the ADEA.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

### NON-DISCRIMINATION AND NON-RETALIATION

1.   This Court has jurisdiction over the parties and the subject matter of this action.

2.   Defendant Restoration Hardware is enjoined from engaging in any employment practice which constitutes unlawful discrimination under the ADEA. Specifically, Defendant Restoration Hardware is enjoined from making hiring, discharge, or promotion decisions that are based on age.

3.   Defendant Restoration Hardware is enjoined from engaging in any employment practices which retaliate in any manner against any person, including but not limited to Leslie Johnston, because of that person's age or opposition to any practice alleged or believed to be unlawful under the ADEA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under the ADEA.

4. Defendant Restoration Hardware shall not divulge, directly or indirectly, to any employer or potential employer of Leslie Johnston, any of the facts or circumstances related to the charge of discrimination against Defendant Restoration Hardware, or any of the events relating to Leslie Johnston's participation in the litigation of this matter.

5. Defendant, Restoration Hardware, shall comply fully with all provisions of the ADEA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant Restoration Hardware under the ADEA or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendant Restoration Hardware in the future.

## MONETARY RELIEF

6. Defendant Restoration Hardware agrees to pay settlement funds in the total amount of Forty Five Thousand Dollars and No Cents ($ 45,000.00) in full settlement of the claims against Defendant which were raised in the EEOC's Complaint. Said settlement funds shall be paid in two checks issued by Restoration Hardware and made payable to Leslie Johnston. The first check, representing back wages, shall be in the amount of Forty One Thousand Dollars and No Cents ($41,000.00), minus lawful deductions. Restoration Hardware shall issue to Leslie Johnston an IRS Form W-2 in relation to the payment representing back wages. The second check, representing payment of attorney's fees, shall be in the amount of Four Thousand Dollars and No Cents ($4,000.00). Restoration Hardware shall issue to Leslie Johnston an IRS Form 1099 in relation to the payment of attorney's fees.

7. Defendant's obligations under this Consent Decree shall not be effective and shall not commence until Defendant's receipt of an executed and effective Release from Ms. Johnston.

Within fifteen (15) business days after the entry of this Decree and receipt by Restoration Hardware of Ms. Johnston's signed and effective Release, Defendant shall issue and mail the checks as stated above in Paragraph 6 by certified mail or overnight delivery to Ms. Johnston at 6361 Oyster Bay Court, Bridgeville, Pennsylvania 15017. Restoration Hardware will mail a photocopy of the checks to the EEOC, to the attention of M. Jean Clickner, Senior Trial Attorney, EEOC, 1001 Liberty Avenue, Suite 300, Pittsburgh, Pennsylvania 15222, within five days of the date of mailing of the checks to Ms. Johnston.

## POSTING OF NOTICE

8. Within ten (10) business days after entry of this Decree, Restoration Hardware shall post same-sized copies of the Notice, attached as Exhibit 1 to this Decree, on all bulletin boards usually used by Restoration Hardware for communicating with employees at its Pittsburgh area location. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Counsel for Restoration Hardware shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Pittsburgh Area Office, attention, M. Jean Clickner, Senior Trial Attorney, within ten (10) days of the posting. Restoration Hardware shall permit a representative of the EEOC to enter Restoration Hardware's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice. Restoration Hardware shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Defendant agrees to immediately post a readable copy in the same manner as heretofore specified.

## TRAINING

9. Defendant shall provide training on the requirements of the ADEA on the following terms:

(a) Defendant agrees to provide annual training sessions in accordance with this Consent Decree to all of its employees (including supervisors and managers and excluding temporary employees) at its Pittsburgh area location by a trainer approved by the EEOC to provide training on an employee's rights and the employer's obligations under the ADEA. This training will emphasize what constitutes unlawful discrimination in the workplace, how to keep the company free of any such form of discrimination, and what constitutes unlawful retaliation. This training will also emphasize that temporary employees are protected by the ADEA to the same extent as permanent employees are protected.

(b) In the event an employee, excluding temporary employees, is hired after the date of the required training session, Restoration Hardware agrees to show a videotape of the required training as part of the new employee orientation. Records of the new employee orientation will be maintained and will be made available to the EEOC for inspection and copying at the EEOC's request. A registry of attendance shall be retained by Restoration Hardware for the duration of the Consent Decree.

(c) Restoration Hardware shall first provide training in accordance with Paragraph 9(a) by no later than January 15, 2006. Restoration Hardware shall then also provide such training on at least one occasion in calendar year 2007.

10. In addition to the training described in Paragraph 9, no later than January 15, 2006,

Defendant shall provide training to all managers and supervisors at its Pittsburgh area location regarding identifying potential employment discrimination and the proper response to indicators or allegations of employment discrimination, including Restoration Hardware's procedures for the conduct of a prompt and effective investigation.

11. Restoration Hardware shall obtain the EEOC's approval of its proposed trainer prior to each year's training sessions. The Restoration Hardware trainer shall be a member of the Restoration Hardware Human Resources Department. Restoration Hardware shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s) and approval of the proposed trainer will not be unreasonably denied. In the event, however, that the EEOC does not approve Restoration Hardware's designated trainer(s), legal counsel for Restoration Hardware specializing in employment law shall conduct the training.

12. Restoration Hardware agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Even though the EEOC has approved of or designated a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

13. Restoration Hardware shall certify to the EEOC in writing within twenty (20) business days after the training sessions required by Paragraphs 9 and 10 above have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of

attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, excluding temporary employees, as of the date of the training.

## DISPUTE RESOLUTION

15. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

16. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

17. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Restoration Hardware in their capacities as representatives, agents, directors and officers of Restoration Hardware, and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

18. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 05-0379.

19. This Consent Decree shall be filed in the United States District Court for the Western

District of Pennsylvania and shall continue to be in effect for a period of two (2) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

20.     The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

21.     The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

RESTORATION HARDWARE, INC.

By: *[signature]*
Title: Senior Director, HR

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*[signature]*

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

*[signature]*

JUDITH O'BOYLE
SUPERVISORY TRIAL ATTORNEY

*[signature]*

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222

IT IS SO ORDERED:

BY THE COURT: _____      DATE: _____

　　　　　　　　DAVID CERCONE
　　　　　　　　UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

### NOTICE TO ALL RESTORATION HARDWARE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Restoration Hardware, Inc.*, Civil Action No. 05-0379 (W.D. PA.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Restoration Hardware.

The Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.*, as amended, ("the ADEA"), prohibits discrimination against employees and applicants for employment based upon their age. The ADEA further prohibits retaliation against employees or applicants who avail themselves of the rights under the ADEA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce the ADEA.

In its lawsuit, the EEOC alleged that Restoration Hardware discriminated against an employee on the basis of age in violation of the Age Discrimination in Employment Act. Restoration Hardware denies these allegations.

To resolve the case, Restoration Hardware and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) the Parties' amicably settled this matter; (2) Restoration Hardware will not discriminate on the basis of age; (3) Restoration Hardware will not retaliate against any person because he or she opposes any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (4) Restoration Hardware will train employees regarding it's policy prohibiting age discrimination.

If you believe you have been discriminated against, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

_____  
U.S. Equal Employment Opportunity  
Commission  
DATED:_____

_____  
Restoration Hardware, Inc.  
DATED: 9/22/05